# DIGEST OF DECISIONS

OF

# SUPREME COURT AND COURT OF APPEALS,

## AUSTIN TERM,. 1884.

### THE TEXAS & PACIFIC RAILWAY COMPANY vs. WHEAT.

Appeal from Tarrant county.

Davis, Beall & Rogers, for appellant.

Ball & McCart for appellee.

*Practice—Evidence.*—In action against a railroad for damages to stock being transported, the plaintiff's petition declared upon a bill of lading and not against the defendants in their capacity as public carriers. HELD, That under such an action the plaintiff was not entitled to a judgment, unless he produced the bill of lading in evidence, or accounted for its non-production.

*Common Carriers—Liability of.*—When the question is whether the defendant bears to the property the relationship of ware-houseman or common carrier, Article 283 of the Revised Statutes, is decisive, and unless a bill of lading is given, the liability of common carrier does not attach. If, however, the goods have been placed on board the cars, or in transit, the liability of a common carrier attaches, with or without a bill of sale.

*Same—Charge of the Court.*—The suit being based upon a bill of lading, the court erred in refusing a charge to the effect that the plaintiff, having failed to offer in evidence the bill of lading or contract of shipment, the defendant could not be held liable for any damage sustained, unless it was shown to have occurred on the line of defendant's road.

*Same.*—When the cattle were injured while in possession of the common carrier, subsequent return of the same to the shipper, and death of the cattle after such return, will not relieve the carrier from liability, and it was not error to refuse a charge to that effect.

Judgment reversed and cause remanded. Hurt, J.